## CANTER v. RAILWAY EXPRESS AGENCY, Inc.
### No. 5415.

Court of Appeals of the District of Columbia.
Submitted April 5, 1932.
Decided May 2, 1932.

T. Morris Wampler and Joseph C. Turco, both of Washington, D. C., for appellant.

Benjamin S. Minor, H. Prescott Gatley, and Arthur P. Drury, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellant, plaintiff below, brought this action against the Railway Express Company to recover damages for injuries sustained while traveling along the sidewalk in the city of Washington. A demurrer to the declaration was filed by the defendant, which was sustained by the court. Plaintiff elected to stand upon his declaration, and judgment was entered dismissing the case. From the judgment this appeal was taken.

The declaration, in substance, avers that, while the defendant was engaged in unloading goods from one of its motor vehicles across the sidewalk at a point on B Street near Ninth Street Northwest, in the city of Washington, planks were suspended from the end of the vehicle onto the sidewalk a distance of three feet from the curb; that while walking along the sidewalk "he stumbled and fell over and against the said planks, boards, or lumber placed upon said sidewalk by the said defendant aforesaid and by reason thereof was thrown violently to the ground and sustained serious injuries."

The defendant employed a lawful and customary method of transferring merchandise across the sidewalk. The charge in the declaration is that it "negligently and carelessly" placed one end of the planks on the sidewalk and the other end on the "wagon, truck, or motor vehicle." This averment is to the effect that the method employed was careless and negligent, not that it was employed in a careless and negligent manner, as a result of which plaintiff sustained the injuries complained of. There is no averment in the declaration to the effect that the method employed by defendant in transferring the merchandise across the sidewalk was done in a negligent and careless manner, and that plaintiff's injuries resulted from such negligence. Negligence resulting from the careless employment of a lawful method must be alleged in the declaration, and the facts upon which such negligence is predicated must be set forth, in all of which the present declaration is defective. The demurrer was properly sustained.

The judgment is affirmed with costs.